**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4948**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

JANSEN YEBOAH, a/k/a Koby, a/k/a Coby, a/k/a Kobby,

                    Defendant – Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Danville.   Jackson L. Kiser, Senior District Judge.  (4:11-cr-00031-JLK-1)

———————

Submitted:  June 14, 2013            Decided:  July 25, 2013

———————

Before SHEDD and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Elmer R. Woodard, III, ELMER WOODARD ATTORNEY AT LAW, PC, Blairs, Virginia, for Appellant.   Timothy J. Heaphy, United States Attorney, Ashley B. Neese, Assistant United States Attorney, Elizabeth G. Wright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Jansen Yeboah for his membership and participation in an alleged credit card fraud conspiracy that operated in the Western District of Virginia during June and July 2011. The grand jury generally charged that members of the alleged conspiracy, including Yeboah, obtained stolen credit card numbers from numerous victims, re-encoded the stolen credit card numbers onto depleted gift cards and other cards that have magnetic strips, and used the cards bearing stolen numbers to purchase various items. The grand jury specifically charged Yeboah with one count of conspiring with others to commit access device fraud (18 U.S.C. § 371), six substantive counts of access device fraud (18 U.S.C. § 1029), and six substantive counts of aggravated identity theft (18 U.S.C. § 1028A). At the conclusion of a four-day trial, the petit jury convicted Yeboah on all counts, and the district court sentenced him to a 124-month imprisonment term. Yeboah now argues on appeal that the evidence is insufficient to sustain the convictions. We affirm.

A defendant challenging the sufficiency of the evidence faces a heavy burden, and we will reverse a conviction on insufficiency grounds only in those rare cases of clear failure by the prosecution. United States v. Cone, 714 F.3d 197, 212 (4th Cir. 2013). In considering such a claim, we view the

evidence in the light mofavorable to the government to determine whether any rational trier of fact could find the essential elements of the charged crime beyond a reasonable doubt, and we accord the government all reasonable inferences from the facts shown to those sought to be established. Id. Moreover, we do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in the testimony in the government's favor. Id.

In challenging the sufficiency of the evidence supporting his convictions, Yeboah argues that the government failed to prove that he knew or should have known that he was using fraudulent cards. Applying the foregoing standard of review, we find no merit to this argument. Stated succinctly, the government presented ample direct and circumstantial evidence for the jury reasonably to conclude (among other things) that the conspiracy involved at least nine people, including Yeboah, who went to Danville, Virginia, for the purpose of committing credit/debit card fraud; Yeboah knew that cards were being re-encoded and that they had stolen numbers on them; and Yeboah either used, or aided and abetted the use of, stolen credit/debit card numbers for each occasion charged in the substantive counts. Therefore, the evidence is unquestionably sufficient to support the verdicts.

Based on the foregoing, we affirm Yeboah's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED